IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISAIAH GIVENS                 :        CIVIL ACTION
                                  :
       v.                     :
                                  :
KENNETH KYLER, et al.         :        No. 02-2655

### REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                March       , 2003

       This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 by Isaiah Givens ("Givens"), an individual currently incarcerated in the State

Correctional Institution in Huntingdon, Pennsylvania.  For the reasons that follow, I

recommend that the petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

       On August 26, 1982, three (3) men began shooting at a group of people gathered in

a courtyard at the Richard Allen Homes in Philadelphia.  As a result, two (2) people were

killed and six (6) people were wounded.  An eight (8) year old child was knocked over by

one (1) of the assailants fleeing from the scene, who was later identified as Givens.

Portie Robertson, Damon Jones, and Givens were all arrested and charged within one (1)

week of the incident.

       On May 19, 1983, a jury sitting before the Honorable Robert A. Latrone, Court of

Common Pleas of Philadelphia County, convicted Givens of two (2) counts of first degree

murder, six (6) counts of aggravated assault, one (1) count of possession of an instrument

of crime and criminal conspiracy.  After post-verdict motions were denied, Givens was

sentenced to two (2) consecutive terms of life imprisonment for the murders, and six (6)

consecutive terms of five (5) to ten (10) years' imprisonment for the aggravated assaults.

On May 8, 1987, Givens filed a direct appeal in the Pennsylvania Superior Court

claiming:

> (1) he was denied a fair trial due to the trial court's alleged
> denigration and criticism of defense counsel;
>
> (2) he was denied a fair trial when the trial court seized a note that
> Givens had attempted to pass to a relative via his attorney and turned
> the note over to the prosecution;
>
> (3) the trial court erred in denying a motion to strike the testimony
> of a witness who was offered a deal by the prosecutor;
>
> (4) the trial court erred in failing to preclude the testimony of an
> alibi rebuttal witness when the prosecutor failed to timely notify
> Givens that the witness would testify;
>
> (5) the trial court erred in allowing the Commonwealth to present
> improper rebuttal testimony;
>
> (6) the trial court erred in allowing the Commonwealth to present
> television news reports to the jury; and
>
> (7) the motion court erred in denying a motion for severance.

The Superior Court affirmed the judgment of sentence on July 25, 1989.[1]  Commonwealth

v. Givens, 564 A.2d 1003 (Pa. Super. 1989) (table); No. 1356 Phila. 1987 (Pa. Super. July

25, 1989) (unpublished memorandum), attached to Resp't Answer as Ex. "B."  Givens did

---

[1]On September 19, 1988, while his direct appeal was pending, Givens filed a federal
habeas petition in this court alleging, *inter alia*, inordinate delay in his direct appeal.  Givens v.
Fulcomer, C.A. No. 88-7219 (E.D. Pa.).  Givens' federal habeas petition was dismissed without
prejudice on November 16, 1988, for failure to exhaust state court remedies.

not file a timely petition for allowance of appeal in the Pennsylvania Supreme Court.

Instead, he filed a petition for allowance of appeal nunc pro tunc which was denied by the

Pennsylvania Supreme Court on January 30, 1990.

On January 16, 1990, Givens filed a pro se petition under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. After appointed

counsel filed an amended petition, the PCRA court denied relief on September 30, 1994.[2]

Givens filed an appeal in the Pennsylvania Superior Court claiming that all prior

counsel were ineffective for failing to argue that Givens' conviction was against the

weight of the evidence. The Superior Court affirmed the denial of PCRA relief on May

24, 1996, after finding the issue waived. Commonwealth v. Givens, 679 A.2d 845 (Pa.

Super. 1996) (table); No. 3811 Phila. 1994 (Pa. Super. May 24, 1996) (unpublished

memorandum), attached to Resp't Answer as Ex. "D." Givens did not petition for

allowance of appeal in the Pennsylvania Supreme Court.

On December 4, 1996, Givens filed a second PCRA petition with the assistance of

counsel. He later fired counsel and proceeded pro se, filing an amended petition. On

---

[2]On August 4, 1993, while his first PCRA petition was pending, Givens filed a second
federal habeas petition in this court alleging, *inter alia*, inordinate delay in the adjudication of his
PCRA petition. Givens v. Love, C.A. No. 93-4174 (E.D. Pa.). On March 21, 1994, the
Honorable Magistrate Judge M. Faith Angell filed a Report and Recommendation recommending
that the petition be dismissed for failure to exhaust state court remedies. On April 11, 1994, the
Honorable Lowell Reed approved Judge Angell's Report and Recommendation and dismissed
Givens's petition without prejudice. On May 2, 1994, Givens filed a notice of appeal. On
August 9, 1994, the Third Circuit Court of Appeals denied, without prejudice, Givens'
application for a certificate of probable cause. Givens v. Love, Third Circuit No. 94-1508. On
September 12, 1994, the Third Circuit denied Givens' petition for rehearing en banc.

February 11, 2000, the Honorable John J. Poserina, Jr., Court of Common Pleas of

Philadelphia County, dismissed Givens' PCRA petition as untimely.[3]

Givens filed an appeal in the Superior Court claiming:

> (1) previous PCRA counsel was ineffective for failing to contest the PCRA court's failure to send him a § 1507 notice of intent to dismiss;

> (2) all prior counsel were ineffective for failing to develop and raise a claim of prosecutorial misconduct for remarks made during closing arguments;

> (3) the Commonwealth improperly failed to disclose the fact that a rebuttal witness, Timothy Ford, had aliases and two (2) police photo numbers, that he had been convicted of more than the one (1) *crimen falsi* crime disclosed; and that he had an open theft case at the time of trial; and

> (4) all prior counsel were ineffective for failing to investigate, develop and preserve the issue of the Commonwealth's alleged concealment of a plea arrangement with Mr. Ford.

On May 14, 2001, the Superior Court affirmed the lower court's finding that Givens'

petition was untimely.  <u>Commonwealth v. Givens</u>, 778 A.2d 1242 (Pa. Super. 2001)

(table); No. 1244 EDA 2000 (Pa. Super. May 14, 2001) (unpublished memorandum).

Givens' petition for allocatur to the Pennsylvania Supreme Court was denied on October

---

[3]Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Cons. Stat. Ann. § 9545(b)(1).  Although petitioners whose convictions became final before the effective date of the amended Act were given a one (1) year grace period, until January 16, 1997, in which to initiate a <u>first</u> petition for collateral review, <u>see</u> <u>Commonwealth v. Peterkin</u>, 722 A.2d 638, 641 (Pa. 1998), the PCRA petition at issue was Givens' second petition; therefore, he was ineligible for the one (1) year grace period.

9, 2001. <u>Commonwealth v. Givens</u>, 788 A.2d 373 (Pa. 2001).

On January 10, 2002, Givens filed a petition in the Third Circuit Court of Appeals for leave to file a second or successive habeas petition. <u>In Re Isaiah Givens</u>, No. 02-1088. On February 22, 2002, a panel of the Third Circuit denied the petition as unnecessary.

Givens filed the instant petition for writ of habeas corpus on April 26, 2002,[4] claiming:

> (1) inordinate delay during post-trial, appellate and collateral avenues of relief has rendered the process ineffective and violated his due process rights;
>
> (2) all prior counsel were ineffective for failing to preserve the issue of prosecutorial misconduct regarding the prosecutor's statement during closing argument pertaining to "a deal for county time" of a testifying witness;
>
> (3) all prior counsel were ineffective for failing to preserve the issue of trial counsel's ineffectiveness for failure to investigate the dual police photo numbers and criminal history of a Commonwealth rebuttal witness; and
>
> (4) all prior counsel were ineffective for failing to argue on appeal that the prosecutor made improper and prejudicial remarks during closing argument.

On November 5, 2002, Respondents filed an answer asserting that Givens' habeas

---

[4]Generally, a <u>pro se</u> petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998) (citing <u>Houston v. Lack</u>, 487 U.S. 266 (1988)). Givens signed his habeas petition on April 26, 2002; therefore, we will assume that he presented his petition to prison authorities on that date.

petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"). By order of this court, Respondents also filed a supplemental answer

addressing the merits of Givens' claims and arguing that those claims are either

procedurally defaulted, meritless, moot, or non-cognizable.[5]

## DISCUSSION:

### I. Statute of Limitations

_____Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law

by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended,

provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

---

[5]Respondents continue to assert, however, that Givens' petition is time-barred.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d

Cir. 2000). Givens' conviction became final when his direct appeals ended in 1990.

Because his conviction became final prior to April 24, 1996, the effective date of the

AEDPA, Givens would normally have had until April 23, 1997, to timely file his § 2254

petition. Duncan v. Walker, 533 U.S. 167 (2001) ("In the context of AEDPA's 1-year

limitations period, which by its terms runs from 'the date on which the judgment became

final,' see § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1-year grace

period, running from the date of AEDPA's enactment, for prisoners whose state

convictions became final prior to AEDPA."); Burns, 134 F.3d at 111-12.

A.    **Effect of First PCRA Petition**

When the one- (1-) year "grace period" began on April 24, 1996, Givens' first

PCRA petition was pending in the state courts. Because this petition was filed in

accordance with Pennsylvania's procedural requirements, it is considered a "properly

filed application" for post-conviction relief, thereby tolling the one (1) year limitation

period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application"

7

for state post-conviction review is pending shall not be counted toward the one (1) year

period of limitation); <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) ("an application is 'properly

filed' when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings" such as "the form of the document, the time limits upon its

delivery, the court and office in which it must be lodged, and the requisite filing fee").

Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the

time a state prisoner is pursuing his state post-conviction remedies, including the time for

seeking discretionary review of any court decisions whether or not such review was

actually sought.  <u>See</u> <u>Swartz</u>, 204 F.3d at 424.  Givens' petition was thus pending until

June 23, 1996, thirty (30) days after the Pennsylvania Superior Court denied his PCRA

appeal.  At this time, the one (1) year grace period began to run and Givens had until June

22, 1997, to file a timely § 2254 petition.

**B.    Effect of Second PCRA Petition**

On December 4, 1996 – 164 days into his one (1) year grace period – Givens filed

his second PCRA petition.  Because the state courts dismissed this petition as untimely, it

is not considered a "properly filed application" for post-conviction relief.  <u>Carey v.</u>

<u>Saffold</u>, 536 U.S. 214 (2002) (an application for collateral review in state court must

satisfy the state's timeliness requirements to be deemed "properly filed").  As such, the

period of time that Givens' second, untimely PCRA petition was pending in the state

courts (from December 4, 1996, until October 9, 2001) did not toll the one (1) year

limitation period.

**C.    Effect of Petition in the Third Circuit**

On January 10, 2002, Givens filed a petition in the Third Circuit for leave to file a second or successive habeas petition.  In Re Isaiah Givens, No. 02-1088.  On February 22, 2002, a panel of the Third Circuit denied the petition as unnecessary.  This period of time (43 days) could not toll the AEDPA statute of limitations because the statute of limitations had already expired when the petition was filed.  Moreover, federal petitions do not toll the federal statute of limitations.  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (a properly filed federal habeas petition does not toll the statute of limitations under § 2244(d)(2)).

Givens submitted the instant motion for filing on April 26, 2002, over four (4) years after the limitation period had expired on June 22, 1997.  He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Consequently, Givens would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

**D.    Equitable Tolling**

The Third Circuit has determined that the one (1) year period of limitation for §

9

2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar.  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (citation omitted).  "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient."  Id. at 618-19 (citations omitted).  The Third Circuit has set forth three (3) circumstances in which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).

Givens argues that this case is subject to equitable tolling because at the time he filed his second PCRA petition, it was unclear if the PCRA statute of limitations would be strictly enforced, and because the state inordinately delayed the disposition of his second PCRA petition.[6]  See Pet. at 9; Pet'r Mem. of Law at 35-37.  We find that these

---

[6]Although Givens does not explicitly set forth these arguments as grounds for equitable tolling, he does forward these arguments in claim (1) as grounds for habeas relief.  Because this court must construe pro se pleadings liberally, I will consider Givens' arguments as a basis for equitably tolling the federal limitation period.  See Haines v. Kerner, 404 U.S. 519 (1972).

arguments do not provide a basis for equitable tolling because they fail to establish that Givens was prevented in some extraordinary way from asserting his rights.

It is true that subsequent to the implementation of the PCRA's statute of limitations, there was some "judicial confusion" over the question of whether the Pennsylvania courts would strictly enforce the PCRA's time-bar.[7] Walker v. Frank, - F.3d - , 2003 WL 115951, at*4 (3d Cir. Jan. 14, 2003) (not precedential). However, on December 17, 1997, the Pennsylvania Superior Court held in Commonwealth v. Alcorn, 703 A.2d 1054 (Pa. Super. 1997), that the PCRA time-bar would be strictly enforced. Consequently, even if we were to assume that equitable tolling might have applied to the time period between December 4, 1996, when Givens filed his second PCRA petition, and December 17, 1997, the day the Pennsylvania Superior Court settled the question of how it would treat the PCRA time-bar, Givens' claim for equitable tolling still fails because too much time elapsed between the day the tolling event ended and Givens' filing of his federal habeas petition in April 2002. Walker, 2003 WL 115951, at *4. Because Givens waited to file his federal habeas petition more than four (4) years after he had been put on notice that his second PCRA petition would be considered time-barred by the

---

[7]In reaching this conclusion, we are informed by the Third Circuit's recent opinion in Walker v. Frank, - F.3d - , 2003 WL 115951 (3d Cir. Jan. 14, 2003). In citing to this non-precedential case, we acknowledge that the case is not binding, but rather provides useful analysis for a factually similar matter, such as the instant case.

state courts, we find that equitable tolling is not appropriate.[8]  See Hentosh v. Herman M.

Finch University of Health Sciences, 167 F.3d 1170, 1175 (7th Cir. 1999) (even in

situations in which equitable tolling initially applies, a party must file suit within a

reasonable time after realizing that such a suit has become necessary).  Moreover,

although Givens' second petition was pending in the PCRA court for over three (3) years,

from December 1996 until February 2000, Givens has failed to establish why the delay in

the disposition of his state court collateral appeal affected his ability to present his habeas

petition to this court in a timely manner.  Jones, 195 F.3d at 159.  Indeed, Givens waited

more than six (6) months after his second PCRA appeal was concluded before file the

instant habeas petition.  In light of the foregoing, we do not find the instant matter to be

one of "rare situation[s] where equitable tolling is demanded by sound legal principals as

well as the interests of justice."  See Jones, supra.  Because Givens has not established

"extraordinary" circumstances which would justify application of equitable principles,

this court finds that there are no circumstances which would make the rigid application of

the limitation period unfair.  Consequently, Givens's petition must be dismissed as

untimely.

## II.  Review of Claims

Even assuming, however, that Givens' petition was deemed to be timely filed, we

---

[8]Even if we were to assume that the equitable tolling period ended when the Pennsylvania Supreme Court ruled on the time-bar issue in Commonwealth v. Peterkin, 722 A.2d 638 (Pa. 1998), Givens still waited an unreasonably long time – over three (3) years – to file his habeas petition.

would find that his claims do not merit habeas relief.

**A.    Claim One (1): Inordinate Delay**

In his first claim, Givens argues that inordinate delay during sentencing, direct appellate review and collateral review has rendered the state corrective process ineffective, thereby violating his due process rights.  We will address Givens' claims of delay during sentencing and direct review claims separate from his claim of inordinate delay during collateral review.

*1.    Inordinate Delay in Sentencing and in Direct Review*

Givens' claims of inordinate delay in sentencing and on direct review implicate constitutional due process concerns.[9]  However, Givens has not presented his claim of inordinate delay in sentencing or on direct review to any state court.  A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus

---

[9]Givens' claim of inordinate delay in sentencing implicates his right to a "speedy trial" under the Due Process Clause.  Burkett v. Cunningham, 826 F.2d 1208, 1220 (3d Cir. 1987) ("Burkett I") (the Speedy Trial Clause of the Sixth Amendment applies until one final, pre-appellate determination has been made as to whether and for how long the accused should be incarcerated).  His claim of inordinate delay on direct review rests on an alleged due process violation of his right to a "speedy appeal."  Harris v. Champion, 15 F.3d 1538, 1557 (10th Cir. 1994) (noting that "delay in adjudicating a state prisoner's direct criminal appeal may do more than simply excuse exhaustion . . . [i]t may also give rise to an independent due process claim"); Burkett I, 826 F.2d at 1221; see also Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1990). "Although the United States Supreme Court has not expressly recognized a criminal defendant's right to a speedy appeal . . . the United States Court of Appeals for the Third Circuit has found that the 'Due Process Clause guarantees a reasonably speedy appeal if the state has chosen to given defendants the right to appeal.'"  Proudfoot v. Vaughn, 1997 WL 381590, at *2 (E.D. Pa. July 2, 1997) (citing Simmons v. Beyer, 44 F.3d 1160, 1169 (3d Cir.), cert. denied, 516 U.S. 905 (1995)).  The Pennsylvania Constitution guarantees the right to a direct appeal, see Pa. Const. art. V, § 9; therefore, Givens' allegation of inordinate delay raises a due process claim.

unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.

See 28 U.S.C. § 2254(b).  A petitioner will not be deemed to have exhausted available

state remedies if he had the right under the law of the state to raise, by any available

procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask

not only whether a prisoner has exhausted his state remedies, but also whether he has

properly exhausted those remedies, i.e., whether he has fairly presented his claims to the

state courts"); Picard v. Connor, 404 U.S. 270 (1971).  "The exhaustion requirement

ensures that state courts have the first opportunity to review convictions and preserves the

role of state courts in protecting federally guaranteed rights." Lines v. Larkins, 208 F.3d

153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)).  In

order for a claim to be exhausted "[b]oth the legal theory and the facts underpinning the

federal claim must have been presented to the state courts . . . and the same method of

legal analysis must be available to the state court as will be employed by the federal

court." Evans v. Court of Common Pleas, Del. Co., Pa., 959 F.2d 1227, 1231 (3d Cir.

1992).  The habeas corpus petitioner has the burden of proving exhaustion of all available

state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28

U.S.C.A. § 2254).

Because Givens' claims have never been presented to any state court, they are

unexhausted.[10]  We find, however, that exhaustion should be excused for these claims

---

[10]We note that Givens could have presented these claims to the state courts in his first
PCRA petition.

14

pursuant to 28 U.S.C. § 2254(b)(1), because a return to state court would be futile due to

"an absence of available State corrective process." <u>Lines</u>, 208 F.3d at 162. The only way

in which Givens could present these claims in the state courts at this time is by filing

another PCRA petition. <u>See</u> <u>Szuchon v. Lehman</u>, 273 F.3d 299, 324 n.14 (3d Cir. 2001).

However, any such petition would clearly be time-barred by the PCRA's statute of

limitations. As a result, exhaustion would be futile and is excused.

Although we recommend that exhaustion be excused, Givens is considered to have

procedurally defaulted these claims because state procedural rules bar him from seeking

further relief in state courts. <u>Keller v. Larkins</u>, 251 F.3d 408, 415 (3d Cir. 2001). A

federal court may not consider the merits of such claims unless the petitioner establishes

"cause and prejudice" to excuse his default. <u>Id.</u> (citing <u>Coleman</u>, U.S. at 750). The

Supreme Court has delineated what constitutes "cause" for the procedural default: the

petitioner must "show that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." <u>Werts v. Vaughn</u>, 228 F.3d

178, 192-93 (3d Cir. 2000) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). With

regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the

errors at . . . trial created a possibility of prejudice, but that they worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional

dimensions.'" <u>Id.</u> at 193 (citing <u>Carrier</u>, 477 U.S. at 494).

In the alternative, if the petitioner fails to demonstrate cause and prejudice for the

default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496); see Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996) (assuming that the Schlup miscarriage of justice/actual innocence standard applied to noncapital petitioner arguing eligibility for lesser degree of guilt). To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; see also Glass, 65 F.3d at 16.

Givens has failed to establish cause to excuse his procedural default.[11] Moreover, because Givens makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if his claims are not reviewed. Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 327 (citing Carrier, 477 U.S. at 496); see Glass, 65 F.3d at 16-17. Therefore, these claims must be dismissed as procedurally defaulted.

---

[11]Because no cause has been demonstrated, the court need not address the prejudice requirement. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

2.    *Inordinate Delay in State Collateral Review*

Givens also argues that his due process rights were violated by the state courts' inordinate delay in ruling on his PCRA petitions.  However, the Court of Appeals for the Third Circuit has held that a delay in a collateral proceeding is not a cognizable claim in a habeas corpus petition.  Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000) (citing Hassine v. Zimmerman, 160 F.3d 941 (3d Cir. 1998)).  The remedy for inordinate delay in state collateral review is the waiver of the requirement that a petitioner exhaust state court remedies in order to receive federal habeas review.  Proudfoot, 1997 WL 381590, at *5-6 (citing Burkett I, 826 F.2d at 1218).  Were it otherwise, "a state prisoner would be entitled to a release from confinement . . . even though his state criminal trial and direct appeals were constitutionally flawless."  Id. (citing Jackson v. Duckworth, 112 F.3d 878, 880 (7th Cir. 1997)).  As previously noted, the state courts have reviewed and disposed of both of Givens' PCRA petitions.  As such, the remedy for inordinate delay in Givens' state collateral review has been rendered moot.  Consequently, this claim must be dismissed.

**B.    Claims Two (2), Three (3) and Four (4): Ineffective Assistance of Counsel**

In his next three (3) claims, Givens presents three (3) issues of ineffective assistance of counsel.  Each of these claims was presented in Givens' second PCRA petition; however, the state courts failed to review the claims because they found that Givens' PCRA petition was time-barred.[12]  If a state prisoner presents a federal claim to

---

[12]Givens alleges that he presented his third claim on post-verdict motions; however, the claim was never presented to the Pennsylvania Supreme Court on direct appeal.  See Pet'r Mem.

the state court, but the state court refuses to review that claim on procedural grounds, the

prisoner's claim is "procedurally defaulted." Adams v. Kyler, 2002 WL 1896385, *2

(E.D. Pa. Aug. 15, 2002). Federal courts will not review a state court decision involving

a question of federal law if the state court decision is based on state law, even a state

procedural law, that is independent of the federal question and adequate to support the

judgment. Coleman v. Thompson, 501 U.S. 722, 727-31 (1991).

As the Supreme Court has explained, the application of the independent and

adequate state ground doctrine is grounded in concerns of comity and federalism:

> In the absence of the independent and adequate state ground
> doctrine in federal habeas, habeas petitioners would be able to
> avoid the exhaustion requirement by defaulting their federal
> claims in state court. The independent and adequate state ground
> doctrine ensures that the States' interest in correcting their own
> mistakes is respected in all federal habeas cases.

Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000) (citing Coleman, 501 U.S. at 732).

"A state rule provides an independent and adequate basis for precluding federal

review of a state prisoner's habeas claims only if: (1) the state procedural rule speaks in

unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims

on the merits; and (3) the state courts' refusal in this instance is consistent with other

decisions." Doctor v. Walters, 96 F.3d 675, 683-84 (3d Cir. 1996) (citations omitted).

---

of Law at 48-49. Moreover, although it appears that variations of all three (3) of these claims
were also presented in Givens' first PCRA petition, no variation of any of these claims were
presented to the Pennsylvania Superior Court on appeal from Givens' first PCRA petition.
Consequently, none of these claims have been properly presented for one (1) full round of state
court review.

"A state rule is adequate only if it is 'consistently or regularly applied.'"  Id. at 684 (citing

Johnson v. Mississippi, 486 U.S. 578, 587 (1988)).

In the instant case, Givens argues that the PCRA time-bar is not an independent

and adequate state ground for denying relief.  As the Third Circuit has stated, however,

"[i]t is now clear that [the PCRA] one-year limitation is a jurisdictional rule that

precludes consideration of the merits of any untimely PCRA petition, and is strictly

enforced in all cases, including death penalty appeals."  Whitney v. Horn, 280 F.3d 240,

251 (3d Cir. 2002) (citing Commonwealth v. Peterkin, 722 A.2d 638, 642 (Pa. 1998)).  As

a result, Pennsylvania's time limit had been deemed an adequate and independent state

rule for denying relief.  Whitney, 280 F.3d at 253; see also Lines, 208 F.3d at 164.

Consequently, federal habeas review of Givens' claims is barred unless Givens can

demonstrate cause for his default and actual prejudice resulting therefrom.  Werts v.

Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citations omitted); see also Coleman, 501 U.S.

at 750.  Givens has not established either cause or prejudice.[13]  Furthermore, Givens has

---

[13]To the extent that Givens would argue that his default is due to counsel's failure to
properly present these claims on direct appeal, such a claim must fail.  A claim of ineffective
assistance of counsel constitutes "cause" for procedural default only if the claim was presented to
the state courts independently prior to its use to establish cause.  Edwards, 529 U.S. 466 (citing
Carrier, 477 U.S. at 488-89).  In the instant case, the state court was never properly presented
with the claim that counsel was ineffective for failing to properly present these claims on direct
appeal.  For example, Givens failed to present this claim to the state court upon review of his first
PCRA petition.  Because such a claim of ineffective assistance of appellate counsel was not
properly presented to the state courts, it cannot constitute "cause" for his default.  Moreover, any
claim that Givens would make against PCRA counsel also must be dismissed.  The Supreme
Court has determined that any attorney error that has led to the default of a petitioner's claims in
a collateral or discretionary proceeding in state court cannot constitute cause to excuse his default

failed to demonstrate any evidence of "actual innocence" which would allow this court to

consider the defaulted claims. <u>Coleman</u>, 501 U.S. at 748; <u>Schlup</u>, 513 U.S. at 327 (citing

<u>Carrier</u>, 477 U.S. at 496); <u>see</u> <u>Glass</u>, 65 F.3d at 16-17.  As a result, claims two (2), three

(3) and four (4) must be dismissed as procedurally defaulted.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this      day of March, 2003, IT IS RESPECTFULLY

RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has

been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance

of a certificate of appealability.

_____
_____PETER B. SCUDERI
                              UNITED STATES MAGISTRATE JUDGE

---

in a federal habeas petition.  <u>See</u> <u>Coleman</u>, 501 U.S. at 757 (any attorney error that led to the
default of petitioner's claims in a collateral or discretionary proceeding in state court cannot
constitute cause to excuse his default in federal habeas petition); <u>see</u> <u>also</u> <u>Pennsylvania v. Finley</u>,
481 U.S. 551, 558 (1987) (Constitution does not dictate standard for attorney effectiveness in
post-conviction collateral attack).
     To the extent that Givens would argue that the unsettled state of the law regarding the
PCRA time-bar is cause for his default, such an explanation fails to justify why Givens failed to
present his claims on direct appeal or in his first PCRA petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISAIAH GIVENS                      :        CIVIL ACTION
                                   :
        v.                         :
                                   :
KENNETH KYLER, et al.              :        No. 02-2655

**O R D E R**

AND NOW, this        day of                    , 2003, upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED

that:

1.  The Report and Recommendation is APPROVED and ADOPTED.

2.  The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. §

2254 is DISMISSED.

3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
TIMOTHY J. SAVAGE, J.