**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAIAH GIVENS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 02-2655** |
| | : | |
| **KENNETH D. KYLER ET AL.** | : | |

**MEMORANDUM AND ORDER**

**Savage, J.** **October 1, 2004**

Invoking the doctrine of equitable tolling, petitioner, a state prisoner, requests that we consider his *habeas* petition that was filed over four years after the expiration of the federal *habeas* statute of limitations fixed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] In support of his argument, he claims that his second state post-conviction relief petition tolled the statute of limitations because Pennsylvania law was unclear with respect to how the state's statute of limitations applied to second Post-Conviction Relief Act ("PCRA") petitions.

Any uncertainty surrounding the tolling effect of second post-conviction relief petitions in Pennsylvania was eliminated several years prior to his filing of the instant petition. The Pennsylvania courts in 1997 and again in 1998 held that the PCRA statute of limitations would be strictly construed and that untimely second PCRA petitions would be dismissed regardless of their merit. Even if the federal *habeas* statute of limitations did not preclude consideration of the petition on the merits, we would still dismiss the petition.

**Background**

On May 19, 1983, petitioner was convicted by a jury of first degree murder,

[1] 28 U.S.C. § 2244.

aggravated assault, possession of an instrument of crime and criminal conspiracy. The Superior Court affirmed the conviction on July 25, 1989.[2] Although he did not file a timely petition for review in the Pennsylvania Supreme Court, he did later file a petition for allowance of appeal *nunc pro tunc*. The Pennsylvania Supreme Court denied that petition on January 30, 1990.

While his petition for *allocatur* was pending with the Pennsylvania Supreme Court, petitioner filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on January 16, 1990. Court-appointed counsel filed an amended petition that was denied on September 30, 1994, by the PCRA court. The Superior Court affirmed on May 24, 1996, and petitioner did not appeal to the Pennsylvania Supreme Court.

In the meantime, the petitioner filed his second federal *habeas* petition on August 4, 1993. The petition was dismissed for failure to exhaust state court remedies on April 11, 1994. Petitioner's application to the Third Circuit Court of Appeals for a certificate of appealability was denied.

On December 4, 1996, petitioner, through counsel, filed a second PCRA petition. After dismissing his attorney, he filed a *pro se* amended petition. The PCRA court's dismissal of the amended petition as untimely was upheld by the Superior Court on May 14, 2001. The Pennsylvania Supreme Court denied *allocatur* on October 9, 2001.[3]

During the time that the petitioner's first PCRA petition was pending, AEDPA went

---

[2] Givens filed a *habeas* petition for inordinate delay in his direct appeal on September 19, 1988. The petition was dismissed without prejudice for failure to exhaust state remedies on November 16, 1988.

[3] Pursuant to the amendments to the PCRA that became effective on January 16, 1996, prisoners whose conviction became final prior to the effective date were given a one year grace period, until January 16, 1997, to file a timely *first* PCRA. This grace period does not apply to second PCRA petitions.

into effect on April 24, 1996, which established a one year statute of limitations for filing a federal *habeas* petition. 28 U.S.C. § 2244(d)(1). If the conviction had become final prior to April 24, 1996, as in petitioner's case, the limitation period expired on April 24, 1997.

During the time a properly filed state court post-conviction petition is pending, the one-year period is tolled. 28 U.S.C. § 2244(d)(2). Because petitioner had a properly filed PCRA pending on the date of AEDPA's enactment, his AEDPA statute of limitations did not begin to run until June 23, 1996, thirty days after the Pennsylvania Superior Court denied his first PCRA. Thus, the time for petitioner to file a *habeas* petition expired on June 23, 1997.

After his petition for leave fo file a second or successive petition was denied as unnecessary by the Third Circuit,[4] petitioner filed the present *habeas* petition on April 26, 2002.

Givens does not contest that the federal *habeas* statute of limitations expired on June 23, 1997. Nor does he allege that the state caused an impediment to filing a timely *habeas* petition, that a newly recognized constitutional right is implicated, or that there are new previously undiscovered facts, factors that would toll the one-year limitation. 28 U.S.C. § 2244(d)(1). Consequently, the petition is time-barred under the AEDPA statute of limitations unless the equitable tolling doctrine applies.

**Equitable Tolling**

Equitable tolling provides an exception to the AEDPA one year limitation "when the

---

[4] If a prior *habeas* petition has been considered and denied on its merits, AEDPA requires that prisoners seeking to file a second or successive *habeas* petition first seek and obtain approval from the Third Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). However, because petitioner's prior *habeas* petitions were not dismissed on their merits, petitioner was not required to go through that step.

principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Equitable tolling may be appropriate if the state had actively misled the petitioner, some extraordinary circumstance had prevented him from asserting his rights, or he had asserted his rights in a timely manner, but had done so in an improper forum. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

The burden is on the petitioner to show that he exercised reasonable diligence. Mere excusable neglect is insufficient to meet this burden. *Id.* He must demonstrate that he has in "some extraordinary way" been prevented from asserting his rights. *Id.*

Petitioner argues that Pennsylvania law was so unclear as to the application of the statute of limitations to his second PCRA petition that it constitutes an "extraordinary circumstance" that excuses the untimeliness of his *habeas* petition. He contends that he believed that the Pennsylvania statute governing the time for filing PCRA petitions would be construed more as a statute of limitations subject to equitable tolling, and not as an absolute bar to the consideration of untimely petition.

The Magistrate Judge reasoned that even if there had been confusion about how stringently the PCRA statute of limitations would be applied, the Superior Court ended the debate first in *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997) and then the Pennsylvania Supreme Court in *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998). These cases explicitly held that the PCRA time limit would be strictly construed, and untimely second PCRA petitions would be dismissed regardless of their merit.

Magistrate Judge Scuderi's rationale proved correct. After he issued his recommendation in the present case, the Third Circuit Court of Appeals, in an unrelated case, held that any prior question about how successive untimely PCRA petitions would

be treated in Pennsylvania had been answered by *Alcorn* and *Peterkin*. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

Givens' petition was not filed until 2002, well after *Alcorn* and *Peterkin*. Therefore, he cannot use any prior uncertainty in Pennsylvania law to excuse his untimely filing.

**Exhaustion and Procedural Default**

A federal court cannot grant a state prisoner *habeas* relief until he has exhausted his remedies in the state court. *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner "fairly present" his federal claims at all state court levels in such a way that the state court is put on notice of the federal claims being asserted so that it has an opportunity to rule on the factual and legal merits of the claims. *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir. 2002). Therefore, if the petitioner did not present his claims to the state court in a timely PCRA petition, he cannot do so in a federal petition for *habeas corpus* relief. *Cristin*, 281 F.3d at 410.

If the petitioner has failed to exhaust and cannot do so now because his time has expired, the claims are procedurally defaulted. Procedurally defaulted claims are those which have never been raised in a collateral state court proceeding but are now procedurally barred by state law from being considered on their merits. *Villot v. Varner*, 373 F.3d 327, 334 (3d Cir. 2004). "A prisoner has not exhausted his remedies in state court 'if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Cristin*, 281 F.3d at 410 (quoting 28 U.S.C. § 2254(c)). Thus, we must look to state law to determine if the petitioner can still properly raise these claims in state court.

The Pennsylvania Post-Conviction Relief Act requires that a petition for state

collateral relief must be filed within one year from the date the conviction becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). A judgment of conviction becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. Cons. Stat. Ann. § 9545(b)(3); *Lines v. Larkins*, 208 F.3d 153, 164 (3d Cir. 2000).

The petitioner's conviction became final on April 30, 1990, following the January 30, 1990, denial of his *nunc pro tunc* appeal to the Supreme Court of Pennsylvania and the expiration of his time to seek *certiorari* in the United States Supreme Court. *Commonwealth v. Gallman*, 838 A.2d 768, 771, 775 (Pa. Super. 2003) (finality of state court criminal conviction for PCRA purposes); *see also Johnson v. Hendricks*, 314 F.3d 159 (3d Cir. 2002) (finality of state court criminal conviction for *habeas* purposes).

The petitioner filed his federal *habeas* petition on April 26, 2002. Any attempt to exhaust his claims now in state court would fail because the PCRA time bar is strictly construed and even meritorious PCRA petitions filed after the one year PCRA time limit would be dismissed as untimely.

Pennsylvania provides statutory exceptions to the PCRA time bar. The three exceptions are: (1) governmental interference with the petitioner's ability to bring a claim amounting to a violation of federal or state constitutions or laws; (2) newly discovered facts that would have changed the outcome of the proceedings and could not have been discovered by due diligence; and, (3) a new federal or state constitutional law recognized after the limitation period had expired that is applied retroactively. 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i-iii).

The petitioner has not alleged any facts or circumstances triggering one of the exceptions that would permit a state court to consider his untimely PCRA petition. Consequently, any attempt to pursue his claims through the state collateral relief process would be futile. *Whitney v. Horn*, 280 F.3d 240, 252 (3d Cir. 2002); *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

Petitioner has failed to exhaust his state remedies on his claims of delay in sentencing, delay in direct review, and ineffective assistance of counsel. Returning these claims to state court would be futile because they would be dismissed as untimely. *Whitney*, 280 F.3d at 252. Thus, they are procedurally defaulted.

Without reiterating the petitioner's lack of clarity argument, suffice to say that Pennsylvania law was clear and certain for at least four years before he filed this habeas petition. His delay in presenting these claims is inexcusable.

The petition also includes three procedurally defaulted claims of ineffective assistance of counsel. Although the petitioner attempted to raise these claims in his second PCRA, his untimeliness also renders these claims defaulted.

"[F]ederal habeas review of the [procedurally defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Cristin*, 281 F.3d at 412 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Demonstrating cause requires a showing that some objective factor, other than one caused by the defense, prevented the petitioner from complying with the state procedural requirements. *Cristin*, 281 F.3d at 412 (citing

*Coleman*, 501 U.S. at 753).[5] Even if cause is established, the petitioner must show that the error had a substantial injurious effect on the jury's verdict in order to entitle him to relief. *Whitney*, 280 F.3d at 257 (3d Cir. 2002). To support a fundamental miscarriage of justice claim, the petitioner must demonstrate that it is more likely than not that no reasonable jury would have convicted him if the error had not been made at trial. *Whitney*, 280 F.3d at 261.

Petitioner has failed to demonstrate "cause and prejudice" or actual innocence. Hence, we cannot review his ineffective assistance of counsel claims.

The petitioner also claims inordinate delay in collateral review. Delay in a collateral proceeding is not cognizable in a *habeas* petition. *Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir. 2000). Thus, the petitioner cannot prevail on this claim.

After Magistrate Judge Scuderi issued his report and recommendation, the petitioner filed a motion to enlarge the record, contending that he never received the required statutory notice of dismissal of his first PCRA as required by PA. R. CRIM. P. 907(1) (formerly PA. R. CRIM. P. 1507). He argues that this was an improper dismissal of the first PCRA, and that his second PCRA should count as his first PCRA, tolling the AEDPA statute of limitations.

Putting the issue of procedural default aside, we are not persuaded that that this new argument affords the petitioner relief. Rule 907(1) applies only to cases where the PCRA court upon initial review of the claims finds that they are without merit and it

---

[5] A petitioner may also avoid procedural default if the Pennsylvania courts have indicated that they would consider the merits of a claim despite the fact that a petitioner did not comply with the state's procedural requirements. *Hull v. Kyler*, 190 F.3d 88, 103 (3d Cir. 1999). However, because the state courts have given no indication that they would consider the merits of the petitioner's claims, the waiver argument is inapplicable here.

"summarily" dismisses the PCRA petition. The petitioner's first PCRA petition was not "summarily" dismissed. The first PCRA court ordered the appointment of counsel, who filed an amended petition and a brief. *See Commonwealth v. Albrecht*, 720 A.2d 693, 709-10 (Pa. 1998) (finding that Rule 1507(1), by its own terms, could not apply when the PCRA court ordered appointment of counsel, an amended petition, and briefing).

**Conclusion**

Equitable tolling does not excuse the petitioner's failure to file his federal *habeas* petition until almost five years after the expiration of the statute of limitations. Thus, we adopt the recommendation of the magistrate judge and dismiss the petition.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAIAH GIVENS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 02-2655** |
| | : | |
| **KENNETH D. KYLER ET AL.** | : | |

**ORDER**

**AND NOW**, this 1st day of October, 2004, upon consideration of the Petition for Writ of *Habeas Corpus* (Docket No. 1), the Petitioner's Memorandum of Law, the Response to Petition for Writ *Habeas Corpus*, the Supplemental Response to Petition for Writ of *Habeas Corpus*, the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, the petitioner's objections to the Report and Recommendation, Petitioner's Motion Requesting Amendment/Enlargement of the Original Record, and, after a thorough and independent review of the record, it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Scuderi is **APPROVED** and **ADOPTED** as supplemented;

2. The Petition for Writ of *Habeas Corpus* is **DENIED**;

3. There is no probable cause to issue a certificate of appealability; and,

4. The Clerk of Court shall **CLOSE** this action statistically.

____________________________
TIMOTHY J. SAVAGE, J.