## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAIAH GIVENS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KENNETH D. KYLER ET AL.** | : | **NO. 02-2655** |

### <u>MEMORANDUM OPINION</u>

**Savage, J.**                                                                          **December 8, 2014**

Relying on the Supreme Court's recent decision in *Trevino v. Thaler*, -- U.S. --, 133 S. Ct. 1911 (2013) as a basis for relief from the order dismissing his habeas petition as untimely, petitioner Isaiah Givens ("Givens"), a state prisoner, has filed a *pro se* motion under Federal Rule of Civil Procedure 60(b)(5) "due to a change in decisional law."  He contends that because counsel in his initial Post-Conviction Relief Act ("PCRA") proceeding was ineffective, he should be permitted to assert his ineffective assistance of counsel claims, which we concluded were procedurally defaulted.

Givens is not challenging his state court conviction.  Instead, he seeks to establish cause for his procedural default that resulted in the dismissal of his federal habeas petition ten years ago.  The issue is whether Rule 60(b)(6) can be used to apply *Trevino* to excuse Givens' procedural default ten years after the dismissal of his habeas petition.

After conducting a careful review of the facts, we conclude that extraordinary circumstances are not present and *Trevino*, both by itself and together with all those

facts, does not support granting Givens relief under Rule 60(b).  Therefore, we shall deny his motion.

<h2 align="center">Procedural History[1]</h2>

<h3 align="center"><em>State Proceedings</em></h3>

On May 19, 1983, after a jury trial, Givens was convicted of two counts of first degree murder, six counts of aggravated assault, and one count each of possession of an instrument of crime and criminal conspiracy.[2]  He filed a *pro se* post-verdict motion raising ineffectiveness of trial counsel on April 30, 1984.  Instead of appointing new counsel to replace trial counsel, the court appointed counsel to represent Givens on his ineffectiveness of counsel claim only and allowed trial counsel to represent him on all other post-trial issues.[3]  On March 27, 1987, after an evidentiary hearing, the post-verdict motion was denied.[4]  Givens was sentenced to two consecutive terms of life imprisonment and six consecutive five-to-ten year terms.[5]

Trial counsel filed a direct appeal to the Pennsylvania Superior Court.  On appeal, trial counsel raised seven grounds, none of which challenged his

---

[1] Unless otherwise indicated, the facts are taken from the Report and Recommendation ("R&R") of the late Magistrate Judge Peter B. Scuderi (Doc. No. 19) and the Court's October 1, 2004 memorandum and order (Doc. No. 25).

[2] R&R at 1.

[3] Pet.'s Mot. at 7 (Doc. No. 33); *Com. v. Givens*, Nos. 407-424, at 3 (Phila. Ct. Cm. Pl. Sept. 30, 1994) (unpublished memorandum opinion), attached to Pet.'s Mot. at Ex. G.  Although Givens asserts that the motion was *pro se*, other parts of the record indicate it was filed by trial counsel.  *See* Ex. G at 3.

[4] Pet.'s Mot. at 7.

[5] R&R at 1-2.

ineffectiveness at trial.[6]  During the appeal, Givens never heard from counsel appointed to represent him at the post-trial proceedings on his ineffectiveness of trial counsel claim.[7]

The Superior Court affirmed his conviction on July 25, 1989.  *Com. v. Givens*, 564 A.2d 1003 (Pa. Super. Ct. 1989) (table); No. 1356 Phila. 1987 (Pa. Super. Ct. July 25, 1989) (unpublished memorandum).  In its opinion, the Superior Court agreed with the trial court, concluding that all seven of the issues Givens raised were either meritless or had been waived.  Givens did not file a timely petition for *allocatur* in the Pennsylvania Supreme Court.  His petition for allowance of appeal *nunc pro tunc* was denied on January 30, 1990.[8]

On January 16, 1990, Givens, acting *pro se*, timely filed his first PCRA petition.[9] After counsel was appointed, she filed an amended petition.[10]  The amended petition asserted that trial counsel was ineffective in several ways: (1) inadequately preparing witnesses; (2) failing to call witnesses and to elicit favorable testimony from witnesses; (3) failing to defend himself when he was accused of violating evidentiary rules; (4) failing to subpoena evidence; (5) making a poor closing argument; (6) failing to object to the prosecutor's closing argument; (7) failing to advocate at sentencing; and (8) failing

---

[6] *Id.* at 2.  On September 19, 1988, Givens filed a federal habeas petition alleging inordinate delay in his direct appeal.  *Givens v. Fulcomer*, No. 88-7219 (E.D. Pa. 1988).  It was dismissed for failure to exhaust on November 16, 1988.  *See* R&R at 2 n.1.

[7] Pet.'s Mot. at 8, 10.

[8] R&R at 3.

[9] *Id.*

[10] Pet.'s Mot. Ex. E.

to preserve issues raised at trial.[11]  After his first PCRA counsel passed away, Givens was appointed new PCRA counsel.[12]  His second PCRA counsel did not further amend his PCRA petition.[13]

The PCRA court, finding that none of Givens' claims had merit, denied his petition on September 30, 1994.  *See Com. v. Givens*, Nos. 407-424 (Phila. Ct. Cm. Pl. Sept. 30, 1994).[14]  On appeal, Givens raised one issue – whether all prior counsel were ineffective for failing to challenge his conviction as against the weight of the evidence. The Superior Court dismissed the appeal because Givens had waived the issue.  *Com. v. Givens*, No. 3811 Phila. 1994, at 3 (Pa. Super. Ct. May 24, 1996) (unpublished memorandum).  Therefore, the Superior Court affirmed the trial court's denial of PCRA relief on May 24, 1996.  *Com. v. Givens*, 679 A.2d 845 (Pa. Super. Ct. 1996) (table). Givens did not petition for allowance of appeal in the Pennsylvania Supreme Court.[15]

With the aid of counsel, Givens filed a second PCRA petition on December 4, 1996.  After firing counsel, he amended his petition *pro se*.[16]  His petition was dismissed

---

[11] *Com. v. Givens*, Nos. 407-424, at 18-19.  While his petition was pending, Givens filed a second federal habeas petition asserting inordinate delay in the adjudication of his PCRA petition.  *Givens v. Love*, No. 93-4174 (E.D. Pa. 1993).  On April 11, 1994, his habeas petition was dismissed without prejudice.  The Third Circuit denied his application for a certificate of appealability on August 9, 1994. *Givens v. Love*, No. 94-1508 (3d Cir. 1994).  On September 12, 1994, it denied his petition for rehearing *en banc*.

[12] Pet.'s Mot. Ex. F (December 16, 1993 Letter to I. Givens).

[13] *See id.* at 2.

[14] Pet.'s Mot. Ex. G.

[15] R&R at 3.

[16] *Id.*

as untimely on February 11, 2000.[17]   Givens appealed to the Superior Court claiming that: (1) PCRA counsel was ineffective for failing to address the PCRA court's failure to send him a notice of intent to dismiss; (2) all prior counsel were ineffective for failing to raise a claim of prosecutorial misconduct for statements made during closing argument; (3) the Commonwealth failed to disclose that a rebuttal witness had aliases, an open theft case and convictions for *crimen falsi* crimes; and (4) "all prior counsel were ineffective for failing to investigate, develop and preserve the issue of the Commonwealth's alleged concealment of a plea arrangement with [a prosecution witness]".[18]

Finding the petition untimely, the Superior Court affirmed the dismissal on May 14, 2001.  *Com. v. Givens*, 778 A.2d 1242 (Pa. Super. Ct. 2001) (table).  On October 9, 2001, the Pennsylvania Supreme Court denied Givens' petition for *allocatur*.[19]

### Federal Proceedings

Givens filed a petition for leave to file a second or successive habeas petition in the Third Circuit Court of Appeals on January 10, 2002.  *In re Isaiah Givens*, No. 02-1088.  The petition was deemed unnecessary because his previous habeas petitions[20] had been dismissed without prejudice for failure to exhaust state remedies.[21]

---

[17] *Id.* at 3-4.  The PCRA amendments allowed for a one-year grace period for prisoners, like Givens, whose convictions became final before January 16, 1996.  The grace period did not apply to second PCRA petitions.

[18] *Id.* at 4.

[19] *Id.* at 4-5.

[20] As stated, Givens' first habeas petition was denied for failure to exhaust state court remedies. His second habeas petition was dismissed without prejudice.  *See supra*, notes 6 and 11.

[21] R&R at 5.

On April 26, 2002, Givens filed a third petition for a writ of habeas corpus.  He asserted four claims: (1) violation of his due process rights due to inordinate delay during post-trial, appellate and collateral proceedings; (2) ineffective assistance of all prior counsel for failing to preserve the issue of prosecutorial misconduct regarding the prosecutor's statement during closing argument about a witness' "deal for county time"; (3) all prior counsel were ineffective for failing to preserve the issue of trial counsel's ineffectiveness where he did not investigate the criminal history of a Commonwealth rebuttal witness; and (4) all prior counsel were ineffective for failing to argue on appeal that the prosecutor made improper and prejudicial remarks during his closing argument.[22]

In his Report and Recommendation, the magistrate judge recommended that Givens' habeas petition be dismissed as untimely.  He found that equitable tolling was not appropriate.[23]  Despite recommending that the petition be dismissed as untimely, the magistrate judge still reviewed Givens' claims.  He concluded that even if the petition were timely, Givens' ineffective assistance of counsel claims were procedurally defaulted.[24]

The magistrate judge concluded that Givens could not rely on ineffectiveness of counsel to excuse his default.  Citing *Coleman v. Thompson*, 501 U.S. 722 (1991), he wrote:

> [A]ny claim that Givens could make against PCRA counsel also must be dismissed.  The Supreme Court has determined that any attorney

---

[22] *Id.* at 5.

[23] *Id.* at 12.

[24] *Id.* at 20.

error that has led to the default of a petitioner's claims in a collateral or discretionary proceeding in state court cannot constitute cause to excuse his default in a federal habeas petition.[25]

Givens filed objections to the R&R on April 3, 2003.[26]  On October 1, 2004, we approved and adopted the R&R, as supplemented.[27]  After Givens appealed from our decision, the Third Circuit denied his petition for a certificate of appealability on February 17, 2005.[28]

Nine years later, on May 1, 2014, Givens filed a motion under Rule 60(b)(5) seeking relief from the order dismissing his 2002 habeas petition.  The motion is premised on the change in law occasioned by the Supreme Court's May 28, 2013 decision in *Trevino v. Thaler*, -- U.S. --, 133 S.Ct. 1911 (2013).

## Legal Standard

### *Rule 60(b)*

Givens relies on Federal Rule of Civil Procedure 60(b)(5) as a basis for relief. Rule 60(b)(5) has no application to this case.  The rule provides relief from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Here, the judgment challenged is the denial

---

[25] *Id.* at 19 n.13.

[26] *See* Docket Entry 21.

[27] *See* memorandum and order at 8-9.  This Court's memorandum opinion addressed Givens' motion, filed after Magistrate Judge Scuderi issued his Report and Recommendation, to enlarge the record.  Givens claimed that he did not receive the required statutory notice that his first PCRA petition was dismissed.  Therefore, he argued that his second PCRA petition should be counted as his first PCRA petition.

[28] *See* Docket, *Givens v. Kyler, et al.*, No. 04-4058 (3d Cir. 2004).

of Givens' habeas petition.  It has not been discharged, released or satisfied.  Nor has it been reversed or vacated.  Consequently, subsection (b)(5) does not apply to Givens.

Although Givens does not refer to Rule 60(b)(6), in light of his *pro se* status, we shall liberally construe his motion under that provision.[29]  Rule 60(b)(6) is a catchall provision, providing relief for "any other reason."  Fed. R. Civ. P. 60(b)(6). Nevertheless, relief under that provision is only available where the movant demonstrates "extraordinary circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted); *Jackson v. Danberg*, 656 F.3d 157, 165 (3d Cir. 2011).

An intervening change in the law, by itself, rarely amounts to extraordinary circumstances required for relief under Rule 60(b)(6).  *Gonzalez*, 545 U.S. at 535; *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014) (citations omitted); *Morris v. Horn,* 187 F.3d 333, 341 (3d Cir. 1999) (citation omitted).  However, a change in the law coupled with equitable factors may present an extraordinary circumstance warranting Rule 60(b)(6) relief.  *Cox*, 757 F.3d at 122.

Because Givens has already filed a habeas petition which was denied, he must overcome the bar against filing a "second or successive petition."  Thus, we must determine whether his present motion, despite its Rule 60(b) label, is a second or successive petition.

### *AEDPA*

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a petition seeking habeas corpus relief attacking a judgment of conviction and/or sentence after his previously filed habeas petition based on the same conviction was

---

[29] *See, e.g.*, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

decided on the merits.  28 U.S.C. § 2244(b)(1).[30]  If the petitioner makes a new claim in a second or successive petition, he must first receive permission to file the petition from the court of appeals.  Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition.  *Id.* § 2244(b)(3)(A); *Gonzalez*, 545 U.S. at 530; *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

What is a "second or successive" habeas petition is not defined by AEDPA.  The Supreme Court has interpreted it as a filing, whether labeled a habeas petition or a Rule 60(b) motion, that presents a claim on the merits attacking the same conviction and/or sentence that was challenged in a previous petition.  *Gonzalez*, 545 U.S. at 532, 538.  A motion for relief from judgment that does not assert new claims or reassert claims of error in the state court, but challenges only the federal court's failure to reach the merits of a prior habeas petition, is not a second or successive habeas petition.  *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

When a motion is filed in a habeas case under a Rule 60(b) label, the district court must initially determine whether the motion is actually a "second or successive" habeas petition within the meaning of § 2244(b).  *Gonzalez*, 545 U.S. at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).  If it is not a "second or successive" petition, no authorization from the court of appeals is required.  Thus, we must first determine whether Givens' motion is a true Rule 60(b) motion.

Here, Givens' motion seeks to litigate the merits of his habeas ineffective assistance of counsel claims for the first time in federal court.  He contends that his first

---

[30] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

PCRA counsel was ineffective for failing to effectively articulate his ineffective assistance of counsel claims.  He claims that his second-appointed PCRA counsel was also ineffective for failing to amend the petition.[31]  As a result of their ineffectiveness, he argues, his habeas petition was dismissed as untimely and his claims were found to be procedurally defaulted, depriving him of the opportunity to have his claim of trial counsel's ineffectiveness decided on the merits.[32]  Givens asserts these claims not as a basis for habeas relief, that is, not to attack his underlying state court conviction, but to establish cause for his procedural default under *Trevino*.  Therefore, the motion is not a successive habeas petition, but a true Rule 60(b) motion.

## Analysis

Ten years ago, Givens' habeas petition was denied as untimely.  Agreeing with the magistrate judge, we concluded that Givens' ineffective assistance claims were procedurally defaulted and equitable tolling did not excuse the default.  He now argues that the holding in *Trevino* supplies a basis for excusing his procedural default.

Procedural default bars a federal court from reviewing federal claims on the merits that the state court declined to address because the petitioner had not satisfied a state procedural requirement.  *Villot v. Varner*, 373 F.3d 327, 334 (3d Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).  A state court's reliance on a procedural rule in denying a prisoner's claims precludes federal review of the claims if the state procedural rule is a nonfederal ground that adequately supports the judgment

---

[31] Pet.'s Mot. at 12-13.

[32] Pet.'s Mot. at 15.

and the rule is firmly established and consistently followed. *Martinez v. Ryan*, -- U.S. --, 132 S. Ct. 1309, 1316 (2012).

There is an exception to the procedural default doctrine. If the petitioner shows cause for the default and prejudice from a violation of federal law, a federal court can review his defaulted claims. *Id.* (citing *Coleman*, 501 U.S. at 750).

In *Coleman*, the Supreme Court held that post-conviction counsel's negligence does not establish cause excusing default. 501 U.S. at 753-54. In *Martinez*, the Supreme Court announced a "narrow exception" to the *Coleman* rule. *Martinez*, 132 S. Ct. at 1315. It held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. The Court limited its holding to those cases where state procedural law barred defendants from raising claims of trial counsel's ineffectiveness on direct appeal and instead required them to be first raised in an initial-review collateral proceeding, the first collateral proceeding in which the claim could be heard. *Id.*

To qualify under the *Martinez* exception to the *Coleman* rule, the petitioner must satisfy three elements. He must show that: (1) the claim of ineffectiveness of trial counsel is substantial, that is, it has "some merit"; (2) the default was caused on collateral review by counsel's ineffectiveness or the lack of counsel; and (3) state law requires a petitioner to raise a claim of ineffectiveness in initial-review collateral proceedings rather than on direct review. *Martinez*, 132 S. Ct. at 1318-20.

In *Trevino v. Thaler*, -- U.S. --, 133 S. Ct. 1911 (2013), consistent with the principle enunciated in *Martinez* that a petitioner must have a reasonable opportunity to raise trial counsel's ineffectiveness, the Court extended the *Martinez* holding to those cases where the "structure and design of the [state's] system, in actual operation, make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." 133 S. Ct. at 1915 (citation omitted). In other words, even where the state's procedural scheme allows a defendant to assert his ineffectiveness claims on direct appeal, but in practice that scheme prevents the claim from being raised until collateral review, the claim is not precluded.

Givens claims that *Trevino* applies to his case because he was represented by the same counsel at trial and on direct appeal, making it impossible for his claims of ineffective assistance of trial counsel to have been raised on direct review.[33] Because Givens did not receive new counsel until his PCRA proceeding,[34] his first opportunity to raise his ineffective assistance of trial counsel claim was during state collateral review. *See Cox*, 757 F.3d at 124 n.8 (upholding district court finding that there is no realistic opportunity to present ineffectiveness claims where a petitioner is represented by the same attorney at trial and on direct appeal).

_____

[33] Pet.'s Mot. at 11. Givens relies on *Trevino*, and not *Martinez*, because at the time of his direct appeal in 1987, Pennsylvania allowed ineffective assistance of counsel claims to be presented on direct review. *See Com. v. Hubbard*, 372 A.2d 687, 695 n.6 (Pa. 1977) (ineffectiveness claims should be raised "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant"). *Hubbard* was overruled by *Com. v. Grant*, which held that all claims of ineffective assistance of counsel should be deferred until collateral review. *Grant*, 813 A.2d 726, 738 (Pa. 2002).

[34] *Compare* Pet.'s Mot. Ex. D (counsel on appeal was Salvatore J. Cucinotta) *with* Pet.'s Mot. Ex. E (amended PCRA petition filed by Irene H. Cotton). As stated, although separate counsel was appointed to pursue Givens' ineffectiveness claims post-trial, that counsel did not prosecute the claims on appeal. Pet.'s Mot. at 10.

Although at the time Givens was convicted ineffectiveness claims could have been presented on direct appeal, he was not given the opportunity to do so as a result of the procedure that was followed.  The trial court appointed separate counsel to litigate the ineffectiveness of trial counsel claims while trial counsel simultaneously pursued other issues on post-verdict motions.  After the trial court denied the motions, including the one claiming that trial counsel was ineffective, trial counsel filed a direct appeal without raising his own ineffectiveness.  Consequently, the issue of trial counsel's ineffectiveness was not presented on direct appeal.

Givens' ineffectiveness claim was raised and considered on the merits by the PCRA court.  However, on appeal, it was not considered on the merits.  The Superior Court affirmed the lower court's denial of PCRA relief on the basis that Givens had waived the issue of ineffective assistance of counsel.[35]  *Com. v. Givens*, 679 A.2d 845 (Pa. Super. Ct. 1996).

It appears that because he did not have counsel to pursue his ineffectiveness claim on direct review, Givens was prevented from preserving the issue.  Consequently, as a result of counsel's failure and the lack of counsel, the claim was procedurally defaulted by the time Givens reached federal court.  Hence, we examine whether *Trevino* excuses the procedural default.

Because *Trevino* is an extension of *Martinez* and is grounded on the same rationale, the change in the law announced in *Trevino*, alone, is not an adequate basis for affording Rule 60(b)(6) relief.  In *Cox*, the Third Circuit held that "the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief."  757 F.3d at 124.  *Trevino* is an amplification of *Martinez*.  But, it does

---

[35] R&R at 3.

not go beyond *Martinez*.  It is no more or less significant jurisprudentially than *Martinez*.  Like *Martinez*, *Trevino* did not announce a new constitutional rule for defendants.  Rather, it established an equitable rule "prescribing and expanding the opportunity for review of [ineffectiveness of counsel] claims."  *Id.*  Thus, consistent with the holding and rationale of *Cox*, *Trevino*, like *Martinez*, does not, by itself, support Rule 60(b)(6) relief.

That does not end the analysis.  *Cox*, while reminding us that Rule 60(b)(6) relief is rare, instructs us to consider each case on its own when the petitioner relies upon a change in the law.  Consequently, we must consider all the facts and circumstances of the petitioner's case.  *Id.* at 122.

We start with the petitioner's burden.  To obtain the equitable relief afforded by Rule 60(b)(6), the petitioner must establish "much more" than an important change in the law.  *Id.* at 115.  He must demonstrate "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  *Id.* (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).  Extraordinary circumstances "rarely occur in the habeas context."  *Gonzalez*, 545 U.S. at 535.

Factors to consider in the equitable analysis are: (1) the merits of the underlying ineffectiveness of counsel claim; (2) whether the merits were ever considered before judgment; (3) the time that passed after the conviction and the filing of the initial habeas petition; (4) the petitioner's diligence in pursuing his ineffectiveness of counsel claims; and (5) whether it is a capital case.  *Cox,* 757 F.3d at 124-25.

The claim that Givens argues he was precluded from presenting because his habeas petition was dismissed – that counsel was ineffective in failing to object to the

prosecutor's closing statement – was considered by the state PCRA court.[36]  The PCRA court, after thoroughly examining the record, found that the prosecutor had not made any improper comments during his closing argument.    It held that Givens' ineffectiveness claim was frivolous.  *See Com. v. Isaiah Givens*, Nos. 407-424, at 22 (Phila. Ct. Cm. Pl. Sept. 30, 1994).[37]  Thus, the merits were considered and rejected by the state court at the PCRA level.

Having reviewed that ruling in light of the record, we agree with the state court that Givens' ineffectiveness of trial counsel claim has no merit.  The lack of merit alone is enough to preclude Rule 60(b)(6) relief.  *See Cox*, 757 F.3d at 124 (A petitioner's ineffectiveness claim should be "particularly substantial to militate in favor of equitable relief.").  Consequently, even if the procedural default were excused and Givens' were allowed to present his claim, it would fail.

Here, it has been twenty-four years since Givens' direct appeal was decided.  His habeas petition was dismissed in 2004, nine years before *Trevino* and eight years before *Martinez*.  Adherence to the doctrine of repose and finality of judgments is more compelling the longer a decision has been set.  *Id.* at 125 (citing *Gonzalez*, 545 U.S. at

---

[36] Givens' other ineffectiveness claims refer to the actions of appellate counsel.  *Martinez*, as extended by *Trevino,* only applies to ineffective assistance of trial counsel claims.  *Martinez*, 132 S.Ct at 1315 ("The precise question here is whether ineffective assistance in [a collateral proceeding] on a claim of *ineffective assistance at trial* may provide cause for procedural default") (emphasis added); *see also Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 2397 (U.S. 2013) ("*Martinez* applies only to 'a prisoner's procedural default of a claim of ineffective assistance at *trial*,' not to claims of deficient performance by appellate counsel") (citation omitted) (emphasis in original); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (Under *Martinez*, "ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel").  *But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (*Martinez* extends to claims of ineffective assistance of appellate counsel).

[37] Pet.'s Mot. Ex. G.  The Superior Court affirmed that decision.  *See Com. v. Givens*, 679 A.2d 845 (Pa. Super. Ct. 1996) (table).

536-37).  Even if this long passage of time did not weigh against Givens, he cannot overcome the lack of merit of his claim.

Givens has been diligent in pursuing his ineffective assistance of trial counsel claim at the federal level.  *Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012).  He first presented the claim in his 2002 habeas petition.  After the magistrate judge issued his Report and Recommendation, Givens filed objections on April 3, 2003.[38]  Then, he appealed the decision denying his habeas petition to the Third Circuit Court of Appeals.[39]  On February 17, 2005, the Third Circuit denied his motion for a certificate of appealability.[40]  Therefore, Givens satisfies the diligence requirement.

Givens was sentenced to life imprisonment.  That sentence does not present the unique circumstance that a capital case does.  *Cf. Cox*, 757 F.3d at 126 ("Courts must treat with particular care claims raised in capital cases.").  Yet, a life sentence without the possibility of parole militates in favor of Givens.  Nevertheless, although we appreciate the gravity of the penalty, we cannot disregard the lack of merit of his claim.

## Conclusion

Having carefully considered the facts and circumstances of Givens' case, we conclude that the change in the law rendered by *Martinez* and *Trevino*, both by themselves and together with all the facts and circumstances of the case, does not entitle Givens to relief under Rule 60(b)(6).  Therefore, we shall deny his motion.

---

[38] Docket Entry 21.

[39] *See Givens v. Kyler*, *et al.*, No. 04-4058 (3d Cir. 2004).

[40] *See* Docket, *Givens v. Kyler*, *et al.*, No. 04-4058 (3d Cir. 2004).